UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GRACE COX, et al.,

Plaintiffs,

v.

ALLIED WORLD SPECIALTY
INSURANCE COMPANY,

Defendant.

CASE NO. C19-5385RBL

ORDER

THIS MATTER is before the Court on Plaintiffs' Motion for Partial Summary Judgment [Dkt. # 11] on their breach of contract and bad faith claims against Defendant Allied World. The case is unusual in several respects, including the fact that while it appears to have been properly served [Dkt. #s 3, 7, 9] Allied World has not appeared or defended, and it is in default [Dkt. # 10].

It seems that if Allied World did defend, it may have an explanation or some factual disputes about the Plaintiffs' claims, and it may have had an affirmative defense based on the passage of time.

But it is not here to assert that defense, and Plaintiffs have made a showing that they are entitled to judgment as a matter of law.  Summary judgment is proper "if the pleadings, the

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. 242, 248 (1986).

Plaintiffs' Motion for Partial Summary Judgment is GRANTED. Allied World Specialty Insurance Company f/k/a Darwin National Assurance Company ("Darwin") owed, and breached a duty to defend the plaintiffs here (who were defendants in the underlying action, *Davis v. Cox, Thurston County Superior Court Cause No. 11-2-01925-7* ).  Darwin's breach was unreasonable, frivolous, or unfounded, and in bad faith.

Any further determinations will await further motion practice or a trial on damages.

IT IS SO ORDERED.

Dated this 10th day of September, 2019.

Ronald B. Leighton
United States District Judge